Javier CORONA, Plaintiff–Appellant,

v.

Glenna LUNN, individually and in her official capacity as a detective in the Westchester County Department of Public Safety, Heidi Ross, also known as Elizabeth Smith, also known as Elizabeth Ross, also known as Heidi E. Odum, also known as Eleanor Smith, also known as Eleanor Ross, also known as Eleanor Odum, also known as Heidi E. Odum, individually, and Dwayne Tabacchi, individually and in his official capacity as a detective in the Westchester County Department of Public Safety, individually, Defendants–Appellees,

No. 02–7542.

United States Court of Appeals, Second Circuit.

Jan. 23, 2003.

Jane Bilus Gould, Lovett & Gould, White Plains, NY, for Plaintiff–Appellant.

David S. Poppick, Epstein, Becker & Green, Stamford, CT, for Defendants–Appellees.

PRESENT: PARKER, FEINBERG, and STRAUB, Circuit Judges.

**SUMMARY ORDER**

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Order of the district court is AFFIRMED.

Plaintiff-appellant Javier Corona appeals from an Opinion and Order entered April 11, 2002 in the United States District Court for the Southern District of New

York (Gerard E. Lynch, *Judge*) granting summary judgment and dismissing his complaint alleging various violations of 42 U.S.C. § 1983. *Corona v. Lunn, et al.,* No. 00 Civ. 7330, 2002 WL 550963 (S.D.N.Y. April 11, 2002).

Reviewing *de novo* the district court's grant of summary judgment, *Singer v. Fulton County Sheriff,* 63 F.3d 110, 114 (2d Cir.1995), we, too, view the evidence in the light most favorable to the Appellant and draw all inferences in his favor, *see Weyant v. Okst,* 101 F.3d 845, 854 (2d Cir.1996). For substantially the reasons set forth by the district court, however, we find that the Appellant failed to adduce sufficient evidence in support of his Section 1983 claims to create a genuine issue of material fact for purposes of defeating summary judgment. Accordingly, the Order of the district court granting summary judgment and dismissing Appellant's complaint is AFFIRMED.